The next case, number 191283, Mohamed Abdelrahman Daoud v. William P. Barr Thank you Good morning, your honors, and may it please the court My name is Eden Mayer-Salins and I represent petitioner Mohamed Daoud May I please have two minutes for rebuttal? Yes Thank you Your honors, Mr. Daoud suffers from debilitating mental illness and he was imprisoned, beaten, and raped after the government removed him to Sudan Counselor, we do know the facts It might be good if you move directly to the legal arguments Yes, thank you, your honor He filed a motion to reopen and reconsider because it was supposed to be an important safeguard But the BIA erred in three critical ways on threshold issues before even reaching the substantive issues he had raised in his motion First, the BIA failed to consider equitable tolling Second, the BIA failed to apply this court's binding precedent in Perez-Santana when it relied on the regulatory departure bar even though Daoud was asserting a statutory right to reopen based on changed country conditions And third, the BIA erred in denying Mr. Daoud's statutory motion in the exercise of discretion where the statutory language does not permit discretion In thinking about this, the BIA, in its discretion, decided to reject all of your clients' claims for various reasons If the BIA could do so, wouldn't that take care of any equitable tolling argument? To the extent that the board has any discretion at all, remand is still warranted Yes or no, please, and then you can move on No, to the extent that the BIA has any discretion at all, remand is still warranted because after full consideration of the equities underlying the equitable tolling analysis those equities likely would change the result of the discretionary determination on remand especially where, as here, the discretionary determination heavily weighed the passage of time since the entry of the order of removal So the equitable tolling determination is critical So you used your first argument to support your third argument There was error on equitable tolling and therefore they abused their discretion Is that the argument? Correct, Your Honor Okay, go ahead Yes, so the BIA failed altogether to address Mr. Dodd's challenge to the immigration judge's equitable tolling determination and this court in Romer held that failure to consider arguments and ignoring arguably applicable law crosses the line from merely deficient to plainly arbitrary and that error is critical because if tolling applies, then the motion is deemed timely and the departure bar does not apply That's true irrespective of this court's decision regarding the changed country conditions exception as indeed those are two separate routes to deeming the motion timely and as noted, it also matters to the discretionary determination So remand is appropriate because this court cannot meaningfully review the BIA's equitable tolling determination because the BIA did not squarely address the issue Could you focus on the statutory claims that the government makes? I see them as being two One is they're saying under 240C7C2, which is this proceeding of motion free open only applies to relief under 208 or 241B3 and that both of those themselves require the person to be in the country so we therefore don't have the problem we have under Santana That seems to be their first statutory textual argument Yes, with regard to the changed country conditions exception the statutory language does hinge on asylum and withholding of removal rather than cap With regard to equitable tolling, all three forms of relief would be included And then their second one seems to be that they found as an alternative grounds that your client's ineligible for asylum due to aspects of his criminal history pointing to the robbery And doesn't that trigger their discretion? Because under 1231, I have it right, the exception from removal if the AG decides because of a serious criminal history, he's a danger to the community With regard to withholding of removal, there is a bar due to particularly serious crimes That issue was not decided by the BIA So you read that reference that the IJ clearly decided that issue? The immigration judge decided that at the initial stage, yes And then they make a reference of it and seem to say that anyhow The IJ determined robbery is a particularly challenging, particularly serious crime Yes, the BIA does reference that in the decision However, the argument still holds with regard to equitable tolling which again is relevant for cap as well as withholding of removal on asylum But to the extent that the BIA's decision mentions that the BIA's holding is based on their determination that the departure bar applies And here the departure bar is applied even though this court held in Perez-Santana that the post-departure bar cannot prevent a non-citizen from invoking his statutory right to file a motion to reopen The statute clearly states that there is no time limit on the filing of a motion to reopen And in looking at the statutory scheme that governed motions to reopen This court in Perez-Santana already held that the statutory language was clear At least with regard to motions filed within the 90-day time period So let me pose a hypothetical Suppose they looked at everything you wanted them to look at Interpreted the statute the way you said And then at the end said, having looked at everything We are denying the motion to reopen in an exercise of our discretion Due to the passage of time and the serious criminal history Is your argument that they would have no ability to issue such a ruling? That's correct, your honor Because when Congress enacted the statute in 1996 It codified a non-citizen's right to file a motion to reopen And in so doing it took a significant degree of discretion out of the agency's hands The BIA cited to no authority for its exercise of discretion But it seems to be looking at the regulations at 8 CFR 103.23 B3 and 8 CFR 103.2 Those regulations predate the statute codifying motions to reopen So they can't be relied on as the BIA's interpretation of the statute But even if they could, the statute is clear The plain language of the motions to reopen statute at 1229 A.C. 7 Does not contain discretionary language I'm sorry, go ahead What about the passage of time? How would they not consider that an equitable tolling? They certainly should consider the passage of time But then when they say that we would deny this anyhow Due to the passage of time and the serious criminal history Are you saying that would have been okay if they just hadn't added the last four words? I think if they had considered the passage of time And conducting a due diligence analysis In response to his equitable tolling arguments That would have been okay The problem here is that the BIA didn't conduct a due diligence analysis They didn't conduct an equitable tolling analysis Instead, they simply said in the exercise of discretion Based on a number of factors, we're denying But there is no discretion allowed pursuant to the statute Because the statutory language is clear The statute has no discretionary language And indeed, within the same provision of the statute That codifies motions to reopen We see that there is discretionary language So, with that, thank you, your honors Good morning, your honors May I please the court? Elizabeth Fitzgerald Sambu on behalf of Respondent The U.S. Attorney General Here, both parties agree that the criminal alibar applies Meaning that the Immigration and Nationality Act Has restricted this court to reviewing only Cognizable legal questions and constitutional claims Due to this petitioner's criminal conviction So here, I'd first point out that Although we don't concede, obviously, that the petitioner's arguments are correct Even if this court were to suspend judgment And agree with the petitioner that if the statute is silent Or that the statute's silence is a clear meaning Meaning that nothing else could be filled with the regulations Then this petitioner wouldn't be eligible for anything Because here, the petitioner's conviction Bars him from asylum and statutory withholding of removal So here, the Convention Against Torture Protection Is not listed in the Immigration and Nationality Act statute So here, even if this court says that the plain meaning applies This actual petitioner would not be eligible for anything Due to his criminal convictions So just pointing that out initially Here, I'd first point out that This is your statutory argument that under 240C-7C-2 They can only get either 208 or 241B-3 relief And either of those is contingent on being in the country? Yes, Your Honor, so both of those provisions The asylum provision and the statutory withholding provision Which are explicitly cross-referenced in the Motion for Open Statute As Your Honor just pointed out Those require physical presence in the United States But I think the response to that I just heard The counter-argument is Ah, but this is a request for equitable tolling Yes, equitable tolling is a separate and distinct issue So equitable tolling is when someone requests to They file something untimely and they request that Because they've shown extraordinary circumstances and due diligence That therefore they should be treated as though They filed within the 90 days So that's an entirely different type of motion Than this sort of changed circumstance request To apply for asylum or statutory withholding or removal So that also goes to Petitioner's argument that Santana applies At least regarding the departure bar So in Santana this Court held that The silence within the Motion for Open Statute The 90 day provision Meant that Congress intended aliens to have the right to Apply or to file a Motion for Open No matter where they are in the world However, the changed circumstances exception here Has never been litigated There's no precedent on it in this Court or any Circuit Court With this narrow exception for applying for asylum And statutory withholding or removal So here Petitioner makes an argument that The Motion for Open is meant to be a safeguard To correct underlying proceedings, etc. But here, this is a totally different issue Here, essentially Petitioner wants individuals To be able to be removed from the United States And apply for asylum or statutory withholding or removal For life, essentially At any point in time Even if they were removed 25 years ago And then there's a coup Then now all of a sudden the United States government Is obligated to somehow coordinate that individuals Return to the United States To then be placed in removed proceedings again And apply for asylum and statutory withholding or removal Which the Immigration and Nationality Act explicitly provides Is only available to aliens in the United States And over the course of history Even when asylum and statutory withholding or removal Began after World War II There has always been a requirement That the individuals inside the United States So essentially what Petitioner is asking this court to do Is sort of change the course of history And say that now individuals who were removed As in this case for criminal convictions, etc. Are now eligible to then apply for asylum And statutory withholding or removal from abroad Via a Motion to Reopen at any time Even if it's almost 100 years later Which clearly in our view Congress did not intend Instead, as the Board pointed out in its decision Congress created a whole separate provision For refugee processing That is the type of method that individuals who are abroad Come into the United States if they fear persecution She says because of the circumstances He would be ineligible to come Apply for refugee status for 10 years Correct, Your Honor But as we noted there are waivers But again this issue is bigger than just Petitioner So here essentially if this court rules on Petitioner's side Then maybe he would not be able to come in as a refugee again Because he already came in as a refugee initially But here essentially if this court agrees with Petitioner's argument That opens the door to everybody Not just Petitioner Okay, one of the things that troubles me about this case Is less the specific arguments Than the fact that the BIA essentially has two holdings One of which would exclude a whole category of people From ever applying for reopening And the other of which is much more case specific And says all right as a matter of our discretion Considering the passage of time and everything else We would deny this relief So the Justice Department comes in And in some ways seeks to insulate the ruling From this more serious ruling That has broader ramifications from judicial review By saying you really can't even reach that issue Because there is an alternate ground here And that alternate ground of use of discretion Doesn't present a legal issue or a constitutional issue Because you didn't exhaust below the only possible legal problem So I appreciate if you will in some ways The wisdom of the Justice Department approach here But it leaves some law out there That may be a little doubtful Which law do you mean your honor? I guess in our view The ruling about the regulatory bar being compelled by the statute Or at least consistent with If the immigrant isn't here at the time Has had the 90 days, never filed Was removed that the immigrant cannot then seek Asylum or withholding of removal thereafter That's the more serious issue in the case Right your honor And I think at least in the government's view The discretionary denial and the departure bar denial Are two entirely separate tracks So although they both relate to asylum and statutory withholding They are two entirely separate bases for denying And the regulations that issue are different So there's the departure bar regulation Which is the main holding of the board at least And then there's the discretionary denial Which now petitioner is challenging A different portion of the motion to reopen regulation Yeah I fully understand that But you know courts are supposed to avoid some issues And decide on the narrowest grounds possible Correct your honor We don't always do that Right well the government would urge this court To rely on this The discretionary denial of the board's Or sorry excuse me The board's discretionary denial of the motion And just hold that this court lacks jurisdiction Because exhaustion of issues is mandatory The immigration and nationality provides that that has to be done So here the petitioner didn't exhaust this issue In his brief to the board And she says well there was another legal error And not doing an explicit equitable tolling analysis You say well the BIA actually did do An equitable tolling analysis It may be implicit And certainly when they say We've considered the passage of time In our discretionary denial That's a very good indication That they took equitable tolling into account Correct your honor And I would also note just to comment Something the petitioner said That when the board denies as a matter of discretion It doesn't matter if it's sort of a discretionary form of belief Or even for example Even if the statute is timely With filed within the 90 days The board still has the authority to deny As a matter of discretion under the regulations So that's separate and apart from the timeliness issue also Regarding equitable tolling Yes it's our position that the board reached equitable tolling When it affirmed the immigration judge's decision So as this court knows The board sometimes issues a summary affirmance Where they just say We are affirming the immigration judge's decision And this court's case law And throughout the country The case law is That when the board uses the language That is affirming an immigration judge's decision The immigration judge's analysis Is then sort of looped into the board's decision So here our position is that Because the board stated that it was affirming The motions as untimely filed That that incorporated in the immigration judge's analysis Of untimeliness Which included an entire equitable tolling analysis And I would also note that In the equitable tolling analysis That the immigration judge issued It's regarding due diligence The immigration judge found that the petitioner Failed to show due diligence And that's why the immigration judge Did not equitable toll Which is an entirely separate analysis From extraordinary circumstances Which the agency did not reach here You know, I can see that the BIA Shouldn't be in a worse position Because it actually issues an opinion As opposed to a summary affirmance On the other hand The proposition you're arguing for Is really quite broad The mere use of the term affirmance Seems to me Doesn't quite carry the weight That you would want us to adopt To me more important Is the very explicit description Of what the IJ did here And the use of language That suggests that the BIA Did actually consider the argument Equitable tolling Yes, and also the board did say That it found no basis For authorizing untimely finding Which again is additional language Showing that they considered equitable tolling And decided to reject that argument On appeal as well But if there's nothing else We would urge this court to dismiss The petition for review Thank you so much Your Honor, I'd like to briefly address Your exchange with my opponent here First with regard to The equitable tolling decision Of the BIA The BIA's decision did not Explicitly affirm Any equitable tolling decision You know, there is this tension People don't like some of our opinions Because we don't dot every I and every T And you're sort of saying That we should remand Because the BIA didn't use A particular expression explicitly Although there are very good reasons To read the opinion As implicitly reaching that issue Well, Your Honor, the BIA decision Merely affirms the denial of the motion To reconsider as untimely And that's insufficient for two reasons First, the BIA frequently considers Timeliness and the applicability Of equitable tolling separately For example, we see in a matter Of Blanca Lopez Gutierrez The BIA saying, quote, Despite the untimeliness of the instant motion The respondent has sufficiently shown That the 90-day filing deadline For her motion is equitably tolled Under controlling circuit law Suggesting a two-step analysis Secondly, the BIA's affirmance Of the immigration judge's denial Of the motion to reconsider As untimely makes no mention Of the motion to reopen This Court can't assume That the reasoning applies in both contexts Because to do so would be a Chenery violation Instead, the Court has to accept Or reject the agency's decision Based on the reasoning provided by the agency Based on the reasoning So if you think the reasoning is implicit There's no violation of Chenery It's more a matter of how explicit The BIA has to be about everything I'm kind of looking for a manageable rule Yes, Your Honor I would say that where the BIA Explicitly adopts the immigration judge's reasoning That would be fine But here that didn't happen But, Counsel, the BIA didn't just say That the motion was untimely It said it was filed almost two years late And then goes on to say We find no basis to conclude That the 30-day filing deadline does not apply Why would it go through all of that sort of language If it wasn't considering the arguments made? It would be very simple just to say It's untimely, period Yes, Your Honor It would be simple to say it was untimely Here they basically said it was untimely In that two years had passed And we find no basis to conclude That it doesn't apply Right, they found no basis to find But that language must have some meaning I would assume it has some meaning Yes, I would assume that the meaning is That the statutory basis, that 30-day deadline applies But that doesn't mean that the deadline can't be excused There are exceptions in the statute But that's separate from being excused Based on equitable tolling With that, if there are no further questions Yeah, I have one So, if you're wrong that it's a separate issue And this language doesn't go to it If you're wrong about that Why would the BIA reject 30 days But then go on and not reject 90 days? Your Honor, honestly I'm not sure What was going through the BIA's mind And that is why I would ask this court to remand The BIA's decision here does not And how many years has this case gone on? How many years has this case gone on? From the time he was detained Well, he was ordered removed back in 2013 So it's now been over seven years That we're trying to get him some justice Okay, thank you Thank you, Your Honors